PARIENTE, J.,
concurring as to conviction and dissenting as to sentence.
I concur in affirming Peterson’s convictions, but dissent as to his sentence because, based on this record, there is no unanimous finding by a jury that any of the applicable aggravators apply to this case. Peterson was sentenced to death following a seven-to-five jury recommendation absent any fact-finding as to which of the aggravators the jury found. None of the aggravators were aggravators that automatically demonstrate the jury has made the necessary findings to warrant the possibility of a death sentence, such as a prior violent felony or that the murder occurred while in the course of an enumerated felony that also was found by the jury. For the reasons explained more fully in my dissent in Butler v. State, 842 So.2d 817, 835-40 (Fla.2003) (Pariente, J., concurring in part and dissenting in part), I continue to believe that Florida’s death penalty statute, as applied in circumstances like those presented in this case, is unconstitutional under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). Whether our statute meets the requirements of the Federal Constitution will be an issue for the United States Supreme Court to decide. However, the fact that we do not require unanimity in fact-finding as to the aggravators necessary to impose the death penalty is, in my view, an independent violation of Florida’s constitutional right to trial by jury.
Under our current sentencing scheme, not all defendants who are convicted of first-degree murder are eligible for a sentence of death. The trial judge must make additional findings before the death penalty can be imposed. See generally *539 § 775.082, Fla. Stat. (2011). Without these findings, a trial court cannot impose a higher sentence than life imprisonment on the basis of the verdict alone. See § 775.082(1), Fla. Stat. (stating that without findings by the court that a defendant “shall be punished by death, ... such person shall be punished by life imprisonment”). It is only after a sentencing hearing and additional findings of fact regarding aggravators and mitigators that the sentence of death may be imposed. Not only is this requirement imposed by Florida law, but it is constitutionally mandated by the Eighth Amendment to prevent death sentences from being arbitrarily imposed.
In addition, as interpreted by the United States Supreme Court in Ring, the Sixth Amendment requires that a jury find those aggravating factors. As Justice Scalia explained in his concurring opinion in Ring, the bottom line is that “the fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives — whether the statute calls them elements of the offense, sentencing factors, or Mary Jane — must be found by a jury.” Ring, 536 U.S. at 610, 122 S.Ct. 2428 (Scalia, J., concurring).
In Ring, the United States Supreme Court held that Arizona’s sentencing scheme violated the Constitution — a scheme that was quite similar to Florida’s in that under Arizona’s prior statutory scheme, the maximum punishment allowed by law on the basis of the verdict alone was life imprisonment. Id. at 592-93, 597, 122 S.Ct. 2428 (majority op.). As in Florida, the scheme in Arizona required the trial judge to make additional findings of fact after a verdict had been returned in order to sentence the defendant to death. See id. at 592,122 S.Ct. 2428.
As I explained in Butler:
Under Florida’s sentencing scheme, however, the jury’s role is not to make binding determinations of fact as to the existence of aggravating circumstances that qualify the defendant for the ultimate punishment of death. The jury merely makes a sentencing recommendation based on a determination that at least one aggravating circumstance exists and that the aggravating circumstance(s) outweigh(s) any mitigating circumstance ....
... [Ujnder Florida’s sentencing scheme the jury’s advisory sentence of death need not be unanimous; a bare majority will suffice. Because of its place in Florida’s common law, the consistency of its application in the criminal law of our state, and its codification in our rules of procedure, I agree with Justice Shaw’s observation in Bottoson [v. Moore, 833 So.2d 693 (Fla.2002),] that the “requirement of unanimity has been an inviolate tenet of Florida jurisprudence since the State was created.” 833 So.2d at 714 (Shaw, J., concurring in result only) (emphasis supplied). Apart from capital sentencing, the requirement of unanimity has been scrupulously honored in the criminal law of this state for any finding of guilt and for any fact that increases the maximum punishment. Unanimity of verdicts has always been part of Florida’s common law....
Florida’s exclusion of the death penalty from the requirement of jury unanimity cannot be reconciled with the United States Supreme Court’s recognition in Ring that “[t]he right to trial by jury guaranteed by the Sixth Amendment would be senselessly diminished if it encompassed the factfinding necessary to increase a defendant's sentence by two years, but not the factfinding necessary to put him to death,” and its holding that “the Sixth Amendment applies to both.” 122 S.Ct. at 2443 (emphasis *540 supplied). The right to trial by jury in Florida would be senselessly diminished if the jury is required to return a unanimous verdict on every fact necessary to render a defendant eligible for a penalty with the exception of the final and irrevocable sanction of death.
The absence of a requirement of a unanimous jury finding as a precondition to a sentence of death is, in my view, a matter of constitutional significance. Article I, section 22 of our constitution provides: “The right of trial by jury shall be secure to all and remain inviolate.” Justice Shaw observed in Botto-son that the principle that the right to trial by jury shall “remain inviolate” has been enshrined in every Florida Constitution since 1838. 883 So.2d at 714 (Shaw, J., concurring in result only).
Butler, 842 So.2d at 837-38 (Pariente, J., concurring in part and dissenting in part). Recently, a federal district court held that Florida’s capital sentencing statute violates Ring v. Arizona and provided reasoning that is similar to my concerns. See Evans v. McNeil, No. 08-14402-CIV, slip op. at 78-93, 89 (S.D.Fla. June 20, 2011) (“As the Florida sentencing statute currently operates in practice, the Court finds that the process completed before the imposition of the death penalty is in violation of Ring in that the jury’s recommendation is not a factual finding sufficient to satisfy the Constitution; rather, it is simply a sentencing recommendation made without a clear factual finding. In effect, the only meaningful findings regarding aggravating factors are made by the judge.”).
In turning to this case, none of the three aggravators that were found by the trial court involve findings determined by a jury. Specifically, the trial judge found three aggravators applied: (1) the murder was cold, calculated, and premeditated; (2) the murder was heinous, atrocious, or cruel; and (3) the murder was committed for pecuniary gain. In addition, the jury recommended death by a bare majority. It is possible that there was no majority of jurors who agreed that the same aggravator applied.
Based on the above reasoning, I conclude that the maximum penalty after a finding of guilt for first-degree murder in Florida is life imprisonment and that the death penalty cannot be imposed unless and until additional factual findings are made as to the existence of aggravators — a decision that the jury must make. I have urged this Court to require the jury to make special findings as to the aggrava-tors, which would help solve the problem, but a majority of the Court has declined to do so. See In re Standard Jury Instructions in Criminal Cases-Report No. 2005-2, 22 So.3d 17, 24-27 (Fla.2009) (Pariente, J., specially concurring); see also Aguirre-Jarquin v. State, 9 So.3d 593, 610-13 (Fla.2009) (Pariente, J., specially concurring); Lebron v. State, 982 So.2d 649, 670 (Fla.2008) (Pariente, J., concurring); Franklin v. State, 965 So.2d 79, 103 (Fla.2007) (Pariente, J., specially concurring); Coday v. State, 946 So.2d 988, 1024 (Fla.2006) (Par-iente, J., concurring in part and dissenting in part); State v. Steele, 921 So.2d 538, 552-56 (Fla.2005) (Pariente, J., concurring in part and dissenting in part).
For all these reasons, I dissent as to the sentence of death.
LABARGA and PERRY, JJ., concur.